IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOSE P.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

        Defendant.

Case No. 6:18-cv-01422-AA

**OPINION AND ORDER**

---

HALLMAN, United States Magistrate Judge:

    Plaintiff Jose P. brings this action under the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Act. 42 U.S.C. § 401 *et seq.* For the following reasons, the decision of the Commissioner is AFFIRMED.

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name for non-governmental parties and their immediate family members.

PAGE 1 – OPINION AND ORDER

**STANDARD OF REVIEW**

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

**BACKGROUND**

**I.     Plaintiff's Application**

Plaintiff alleges disability based on back fusion and leg pain. Tr. 79.[2]  At the time of his alleged onset date, he was 39 years old. Tr. 79. He did not complete the third grade, and has

---

[2] Citations to "Tr." are to the Administrative Record. (ECF 13).

limited ability to speak English, or to read or write in either English or Spanish. Tr. 25. He has past relevant work experience as a landscaping technician and a construction worker. Tr. 30.

Plaintiff protectively applied for DIB on January 14, 2014, alleging an onset date of February 5, 2009.³ Tr. 79. His application was denied initially on August 11, 2014, and on reconsideration on March 17, 2015. Tr. 89-90, 103-104. Plaintiff subsequently requested a hearing, which was held on June 13, 2017, before Administrative Law Judge ("ALJ") David Johnson. Tr. 21 Plaintiff appeared and testified at the hearing, represented by counsel and with the aid of a Spanish interpreter. Tr. 21. A vocational expert ("VE"), Nancy E. Bloom, also testified. Tr. 21. On July 28, 2017, the ALJ issued a decision denying plaintiff's claim. Tr. 32. Plaintiff requested Appeals Council review, which was denied on June 1, 2018. Tr. 1-3. Plaintiff then sought review before this Court.⁴

## II.   Sequential Disability Process

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful

---

³ Plaintiff had initially protectively applied for DIB on June 9, 2009, alleging the same onset date. Tr. 68. That application was denied on August 26, 2010, Tr. 75-76, and plaintiff did not appeal it. Tr. 21.

⁴ The parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636. (ECF 19).

PAGE 3 – OPINION AND ORDER

activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141. At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c).

At step four, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n. 5.

Finally, at step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§

404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## III.  The ALJ's Decision

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity after his alleged onset date through his date last insured of December 31, 2014. Tr. 23.

At step two, the ALJ determined that plaintiff has the following severe impairments: "obesity, degenerative disc disease, status post spinal fusion; foraminal stenosis." Tr. 24.

At step three, the ALJ determined that plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 24. The ALJ then resolved that plaintiff had the residual function capacity ("RFC") to perform a range of light work that does not require more than frequent balancing or climbing; and that does not require more than occasional stooping. Tr. 24.

At step four, the ALJ found that plaintiff could not perform his past relevant work. Tr. 30.

But at step five—considering plaintiff's age, education, work experience, and RFC—the ALJ found that a significant number of jobs existed in the national economy that plaintiff could perform, including work as a packing line worker, electronics worker, small products assembler, laundry folder, or price marker. Tr. 31. Thus, the ALJ concluded that plaintiff is not disabled. Tr. 32.

## DISCUSSION

Plaintiff argues that the ALJ committed four errors: (1) failing to call a medical advisor to testify at the hearing; (2) failing to provide clear and convincing reasons to reject plaintiff's symptom testimony; (3) failing to provide specific and legitimate reasons for only granting "some" weight to the medical opinion of Dr. Cory Maughan; and (4) failing to assess an RFC

PAGE 5 – OPINION AND ORDER

that was supported by substantial evidence related to plaintiff's functional impairments. For the reasons discussed below, the Commissioner's decision denying plaintiff's claim is affirmed.

I.     **Medical Advisor**

Plaintiff's first assignment of error is that the ALJ failed to call a medical advisor to testify as required by Social Security Ruling ("SSR") 83-20, 1983 WL 31249, at *3 (Jan. 1, 1983). At the time of the hearing in this case, SSR 83-20 governed the ALJ's determination of the onset of disability. As relevant here, it provides that the ALJ "should call on the services of a medical advisor when onset must be inferred." In other words, "where a record is lacking and ambiguous as to the onset date of disability, the ALJ must call a medical expert to assist in determining the onset date." *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017) (internal quotations and citation omitted). Plaintiff argues that because his medical records are limited prior to his date last insured, and because his alleged onset date is remote, the ALJ had an obligation under SSR 83-20 to call a medical advisor.

Defendant contends that plaintiff has waived the medical advisor issue by failing to raise it with the ALJ as required by *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999).[5] *Meanel* held that "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Id*. at 1115. To evade this rule, plaintiff argues that he did not waive the issue because it depended on the ALJ's finding

---

[5] While defendant also implies that plaintiff should have raised the issue with the Appeals Council, defendant nevertheless appears to concede that, under *Sims v. Apfel*, 530 U.S. 103, 120 S. Ct. 2080, 147 L. Ed. 2d 80 (2000), plaintiff need not exhaust issues before the Appeals Council. Def.'s Resp. Br. 5 n. 2; *see also Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017) (noting that *Sims* held that a claimant need not exhaust all issues before the Appeals Council, but that *Meanel* "remains binding on this court with respect to proceedings before an ALJ"). Accordingly, the only question before the Court is whether plaintiff waived the medical advisor issue by failing to raise it before the ALJ.

that "[t]he record does not contain significant medical treatment for [claimant's] back impairment from after June 2010 until 2016, which is after the date last insured." Tr. 27.

Plaintiff's argument here is similar to that made in *Maxwell v. Saul*, in which the claimant argued she could not have challenged the ALJ's determination because it would "task claimants with objecting to the ALJ's decision before it is written." 971 F.3d 1128, 1130 (9th Cir. 2020). There, the ALJ found that the claimant was not disabled because she was capable of performing two occupations that existed in significant numbers in the national economy. *Id*. at 1129. That finding, made *after* the hearing, raised the legal issue of whether two occupations constitute a "significant range of work" under the relevant regulations. *Id*. Because this legal issue was only raised by the ALJ's finding, the court held that the claimant could not have raised the issue at the time of the hearing because it had not yet arisen. *Id*. at 1130. The claimant therefore did not waive the issue by failing to raise it with the ALJ during the hearing. *Id*.

This case is not like *Maxwell* because plaintiff here does not challenge any particular finding by the ALJ. Instead, he challenges the ALJ's failure to call a medical expert at the time of the hearing given that plaintiff "has a remote alleged onset date of [February 5, 2019] and has limited evidence prior to his DLI of [December 31, 2014]." Pl.'s Opening Br. 4. The application of SSR 83-20 depends on the state of the record at the time of the hearing, not on any particular finding by the ALJ. Plaintiff, who was represented at the hearing, knew the state of the medical record and knew that his alleged onset date was remote. He further knew that the ALJ did not call a medical advisor during the hearing despite the state of the record and the remote onset date. In other words, plaintiff had all the facts at the time of the hearing that he argues required the ALJ to call a medical advisor. If plaintiff's position was that the record at the time of the hearing was "lacking and ambiguous as to the onset date of disability," *Diedrich*, 874 F.3d at

PAGE 7 – OPINION AND ORDER

638, and therefore required the ALJ to call a medical advisor under SSR 83-20, he should have raised that issue then. His failure to do so waived the issue, and the Court will therefore not consider it.[6]

## II.  Subjective Symptom Testimony

Plaintiff next asserts that the ALJ failed to provide clear and convincing reasons to reject his symptom testimony. The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of his symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the claimant must produce objective medical evidence of one or more impairments that could reasonably be expected to produce some degree of symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant need not show that the impairment could reasonably be expected to cause the severity of the symptoms, but only show that it could reasonably have caused some degree of the symptoms. *Id.*

Second, the ALJ must assess the claimant's testimony regarding the severity of the symptoms. *Id.* The ALJ can reject the claimant's testimony "only by offering specific, clear and convincing reasons for doing so." *Id.* Thus, the ALJ must specifically identify the testimony that they do not credit and must explain what evidence undermines the testimony. *Holohan*, 246 F.3d at 1208. General findings are insufficient to support an adverse determination; the ALJ must rely on substantial evidence. *Id.* To discredit a plaintiff's testimony regarding the degree of impairment, the ALJ must make a "determination with findings sufficiently specific to permit the

---

[6] Defendant also argues a medical advisor is not required when the ALJ does not determine a claimant is disabled.  Given this Court's conclusion that Plaintiff has waived this issue, this Court does not consider the alternative argument.

court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

As discussed below, the parties dispute whether the ALJ relied on specific, clear and convincing reasons for rejecting Plaintiff's symptom testimony:

    A.    *Objective medical evidence*

Although plaintiff did not raise this issue in his opening brief, defendant cites conflicting objective medical evidence as a specific reason the ALJ gave for discounting plaintiff's subjective symptom testimony.[7]

The parties disagree as to whether the ALJ cited objective medical evidence as a reason for rejecting plaintiff's subjective symptom testimony. Plaintiff contends that "at no point did [the ALJ] cite objective evidence as a basis for discounting plaintiff's testimony." Pl.'s Reply Br. 9. Defendant identifies several citations the ALJ made to objective medical evidence and contends these were among the ALJ's reasons for rejecting plaintiff's testimony. Def.'s Resp. Br. 11.

To reject a plaintiff's subjective symptom testimony based on objective evidence, an ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Here, the ALJ noted generally

---

[7] Defendant further claims that plaintiff has waived this issue by failing to raise it in his opening brief. Def.'s Resp. Br. 10-11 (quoting *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief")). In one recent unpublished opinion, the Ninth Circuit has applied this principle to a similar situation—where a claimant contests some of the ALJ's reasons for rejecting subjective symptom testimony, but not others—and suggested that unchallenged reasons for discounting testimony are not reviewable. *See Kennedy v. Kijakazi*, No. 21-35576, 2022 WL 4093741, at *1 (9th Cir. Sept. 7, 2022). However, here, plaintiff's position is that objective medical evidence was not even among the reasons given by the ALJ. In this circumstance, the Court does not find that plaintiff has waived the issue.

PAGE 9 – OPINION AND ORDER

that "the weight that can be given to the claimant's symptom reports is undermined for the reasons discussed throughout this decision," and that "inconsistencies undermine the weight that can be given to the claimant's symptom reports." Tr. 25. The ALJ then identified the following objective medical evidence throughout his decision: no evidence of gross canal stenosis, normal strength, intact sensation, no evidence of ongoing lumbar radiculopathy, ability to heel and toe walk, lack of post-surgical complications, and full strength in upper and lower extremities. Tr. 26-27.

Although the ALJ could have been more explicit in identifying this evidence as a reason for discounting plaintiff's testimony, it is clear from the context of his discussion of the evidence and his general statement prior to identifying the objective evidence. An ALJ need not use the magic words, "I reject [this evidence] because…" in order to discount evidence. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). A reviewing court is not "deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Id.*

The ALJ's citation to these objective findings is "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas*, 278 F.3d at 958 (9th Cir. 2002). This objective evidence is therefore a clear and convincing reason, supported by substantial evidence, for discounting plaintiff's subjective symptom testimony.

    B.    *Exaggerated pain behavior*

The ALJ concluded that plaintiff's testimony about the severity and frequency of his pain symptoms is also undermined by signs of exaggerated pain behavior. Tr. 26. Exaggerated pain behavior is a legitimate clear and convincing reason to discount a claimant's subjective symptom testimony, so long as it is supported by substantial evidence. *See Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020).

PAGE 10 – OPINION AND ORDER

Plaintiff argues that his "history of exaggerated pain response is overstated." Pl.'s Opening Br. 12. In particular, plaintiff argues that the ALJ erred by relying on two notations of positive "Waddell's signs,"[8] when three such signs are necessary to indicate clinical significance. The record on this point does indicate only two positive Waddell's signs. Tr. 381 ("Waddell testing is positive in compression and rotation"). However, even assuming two positive Waddell signs legally cannot constitute substantial evidence—an issue the Court does not reach—these are not the only portions of the record which reference exaggerated pain response. Dr. Charles Wrobel noted in 2009 that plaintiff exhibited "symptom magnification," that he "wince[d] with pain" despite "no elicitable weakness," that plaintiff had "exaggerated" point tenderness, and that "the degree of disc displacement is rather minimal and cannot account for his symptoms." Tr. 383. Thus, there is more in the record to support the ALJ's conclusion than two positive Waddell's signs.

Plaintiff minimizes Dr. Wrobel's notations by arguing the ALJ should have discounted these observations in light of subsequent diagnoses and the absence of such notations in more recent medical records. But these arguments go to the weight of the evidence, and the Court may not "reweigh the evidence [and] substitute [its] own judgment" for the ALJ's. *Winans v. Bowen*, 853 F.2d 643, 644 (9th Cir. 1987) (internal quotation and citation omitted). Instead, the question is whether, "considering the record as a whole, a reasonable person might accept [the evidence] as adequate to support" the ALJ's conclusion that plaintiff's history of exaggerated pain response undermines his credibility (i.e., whether it is supported by substantial evidence). *Thomas*, 278 F.3d at 954. The record, including the collective whole of the Waddell's signs along with the

---

[8] *Reinertson v. Barnhart*, 127 F. App'x 285, 289 (9th Cir. 2005) ("[p]hysicians use Waddell tests to detect nonorganic sources, such as psychological conditions or malingering, for lower back pain").

PAGE 11 – OPINION AND ORDER

multiple other notations of exaggerated pain response, satisfies this standard. This is a further clear and convincing reason, supported by substantial evidence, to support the ALJ's discounting of plaintiff's subjective symptom testimony.

In sum, the ALJ provided two clear and convincing evidence, supported by substantial evidence, for discounting plaintiff's subjective symptom testimony.[9] This is more than sufficient to affirm his decision on this issue. *See Sims v. Berryhill*, 704 F. App'x 703, 704 (9th Cir. 2017) (affirming the ALJ's opinion discounting the claimant's testimony because the ALJ "provided at least one clear and convincing reason supported by substantial evidence for rejecting [the] testimony as not credible").

### III. Medical Opinion Evidence

Plaintiff next asserts that the ALJ improperly discredited the opinion of Dr. Maughan. At the time of plaintiff's application, there were three types of acceptable medical opinions in Social Security cases: those from treating, examining, and non-examining doctors. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In general, the opinions of treating doctors receive greater weight than those of examining doctors, and the opinions of examining doctors are entitled to greater weight than those of non-examining doctors. *Id.* To reject the uncontroverted opinion of a treating or examining doctor, the ALJ must present clear and convincing reasons supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted).

---

[9] The parties address several other reasons articulated by the ALJ for discounting plaintiff's testimony. Because the Court has already found two clear and convincing reasons, supported by substantial evidence, these remaining reasons need not be addressed because any error (if any) as to these reasons, is harmless. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (error is harmless where "remaining reasoning *and ultimate credibility determination* [a]re adequately supported by substantial evidence in the record").

PAGE 12 – OPINION AND ORDER

If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons supported by substantial evidence. *Id.*

Plaintiff here argues that the ALJ 's reasons for only assigning Dr. Maughan's opinion "some" weight and crediting other opinions over Dr. Maughan's where the opinions conflicted were not specific and legitimate reasons supported by substantial evidence. Specifically, he argues that the following reasons given by the ALJ in assigning Dr. Maughan's opinion "some weight" are insufficient under the relevant standards: (1) plaintiff exhibited exaggerated pain responses, and (2) Dr. Maughan's opinion conflicted with testimony about plaintiff's daily activities. Beyond plaintiff's arguments regarding the ALJ's specific reasons, he also appears to argue (3) that the ALJ's weighing of Dr. Maughan's opinion is flawed in the larger context of the weight given to other opinions relative to Dr. Maughan's.[10] The Court addresses each argument in turn.

    A.    *Exaggerated pain responses*

First, the ALJ cites plaintiff's history of exaggerated pain response. This is a specific and legitimate reason for discounting Dr. Maughan's opinion. *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005) (credibility of a claimant does "bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and his diagnosed conditions"). And, for the same reasons explained above regarding plaintiff's subjective symptom testimony, plaintiff's exaggerated pain response is supported by substantial evidence.

---

[10] This argument is somewhat unclear from plaintiff's briefing, which discusses the ALJ's reasoning as to each doctor's opinion, though his reply brief clarifies that this discussion is provided to show the ALJ's flawed reasoning in assigning Dr. Maughan's opinion only "some" weight compared with the other opinions. *See* Pl.'s Reply Br. 4-5.

PAGE 13 – OPINION AND ORDER

### B. Conflict with testimony regarding plaintiff's daily activities

Next, the ALJ found that the limitations identified by Dr. Maughan were inconsistent with plaintiff's daily activities. Tr. 29. Conflict between a medical opinion and a claimant's daily activities is a specific and legitimate reason to discount that opinion so long as it is supported by substantial evidence. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

Dr. Maughan identified the following functional limitations: plaintiff could stand or walk for up to two hours with frequent breaks; he could sit for up to two hours; he required a cane; he could lift 20 pounds occasionally and 10 pounds frequently; he could not kneel, crouch, or crawl; and had limited ability working around heights and heavy machinery. Tr. 535. The ALJ found that these limitations were inconsistent with plaintiff's ability to "assist[] with household chores and grocery shopping, as well as provid[e] care for his children." Tr. 29.

Defendant specifically identified cooking as inconsistent with Dr. Maughan's limitations regarding standing or walking "with frequent breaks." Def.'s Resp. Br. 17-18. On that issue, plaintiff reported that he cooks three times per week. Tr. 325. When he is feeling good, it can take him an hour. *Id*. When he needs rest or has pain, it takes more than an hour. *Id*. Plaintiff's testimony as to this activity is inconsistent with Dr. Maughan's opinion that plaintiff would need "frequent breaks" when standing or walking for up to two hours. One rational interpretation of plaintiff's statement that he could cook for up to an hour unless he "ha[d] to rest" is that he could cook (which reasonably requires standing) for up to an hour *without* resting depending on how he was feeling. That interpretation conflicts with Dr. Maughan's opinion.

Although plaintiff's interpretation of the record is different, the Court cannot say that the ALJ's interpretation is not rational. In such circumstances, the ALJ's decision must be upheld. *See Burch,* 400 F.3d at 679. Accordingly, this is another specific and legitimate reason for discounting Dr. Maughan's testimony regarding plaintiff's limitations.

PAGE 14 – OPINION AND ORDER

C.      *Opinions of other medical sources*

Finally, plaintiff makes various arguments related to the weight assigned to the other medical opinions in this case for the purpose of illustrating why the ALJ's assignment of "some weight" to Dr. Maughan's opinion relative to the others was error. It is not the purview of this Court to second-guess the ALJ's weighing of opinions relative to one another. *See Winans*, 853 F.2d at 644. However, as noted above, where the ALJ specifically credits one opinion over another when there is conflict, he must provide a specific and legitimate reason supported by substantial evidence for doing so. Here, the ALJ did note a conflict with respect to the opinion of Dr. Kehrli. Tr. 30. Plaintiff identifies no other conflicts between any other medical opinion and Dr. Maughan's. Thus, the Court's analysis is limited to whether the ALJ provided specific and legitimate reasons supported by substantial evidence for crediting Dr. Kehrli (a non-examining doctor) over Dr. Maughan (an examining doctor).

But here, the ALJ's reasons for crediting Dr. Kehrli's opinion over Dr. Maughan's are the same as those discussed above (daily activities and indication of pain symptom exaggeration). Tr. 30. Thus, the resolution of the conflict between the two opinions rests on the same reasons supported by the same evidence as the ALJ's reasoning for only assigning Dr. Maughan's opinion "some" weight. The analysis is therefore the same as that in the preceding sections. The ALJ provided specific and legitimate reasons, supported by substantial evidence, for crediting Dr. Kehrli's opinion over Dr. Maughan's.

IV.     **RFC Determination**

Finally, plaintiff asserts that the ALJ erred by failing to include certain limitations in the RFC which the record supports. Specifically, he argues that the record supports additional limitations related to his antalgic gait and need to use a cane. According to plaintiff, these limitations undermine the ALJ's finding that plaintiff can perform light exertion work.

PAGE 15 – OPINION AND ORDER

The Court must defer to the ALJ's RFC determination when the evidence before the ALJ is subject to more than one rational interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197-98 (9th Cir. 2004). Here, the ALJ determined that plaintiff could perform light work that does not require more than frequent balancing or climbing and does not require more than occasional stooping. Tr. 24. Light work includes work that includes a good deal of walking or standing. 20 C.F.R. § 404.1567(b). The ALJ's RFC determination is consistent with the opinion of Dr. Kehrli, which ALJ assigned "significant weight." Tr. 30. Dr. Kehrli opined that plaintiff could stand or walk for about six hours in an eight-hour workday. Tr. 100. Likewise, Dr. Kehrli opined that plaintiff did not require a cane for ambulation. Tr. 100. Although plaintiff asserts that Dr. Maughan's opinion requires additional limitations, the Court has already explained above that the ALJ provided specific and legitimate reasons for crediting Dr. Kehrli's opinion over Dr. Maughan's. The ALJ's conclusions regarding plaintiff's RFC is supported by substantial evidence, and the Court will not reweigh the various medical opinions and other evidence in the record to come to a different conclusion when the ALJ's conclusion is rational.

Regardless, even though the RFC did not formally include the specific limitations plaintiff asserts based on his antalgic gait and need for a cane, the ALJ did include those limitations in the hypotheticals posed to the VE, rendering any error in his articulation of the RFC harmless. *See Timothy S. v. Berryhill*, No. 3:17-CV-1789-AC, 2018 WL 5973393, at *2 (D. Or. Nov. 14, 2018) (collecting cases finding harmless error where an RFC posed to the VE is more restrictive than plaintiff's actual RFC). After the VE identified several jobs existing in significant numbers in the national economy that were consistent with the RFC—packing line worker, electronics worker, and small products assembler—the ALJ specifically asked if those jobs would allow for changing positions between sitting and standing and would allow for the

use of a cane. Tr. 59-60. The VE testified that they would. Tr. 60. Further, the ALJ posed an even more restrictive hypothetical to the VE, asking if jobs existed in the national economy that would accommodate the need to sit, stand, and walk one-third of each hour, where the walking took the individual away from the production area. Tr. 62-63. The VE identified two additional positions (laundry folder and price marker) consistent with those limitations. Tr. 63. Accordingly, even if the ALJ had erred in formulating plaintiff's RFC, any such error was harmless because the hypotheticals posed to the VE included the additional limitations.

Plaintiff argues that the existence of the above jobs is irrelevant on this issue, since including such limitations would render him disabled under grid Rule 201.17 as of age 45. But that grid only applies to individuals limited to sedentary work, which is defined as work involving lifting or carrying no more than 10 pounds and does not involve standing or walking for more than two hours in an eight-hour workday (and therefore also involves sitting for six hours). *See Titles II & Xvi: Determining Capability to Do Other Work-the Med.-Vocational Rules of Appendix 2*, SSR 83-10, *5 (S.S.A. 1983). Here, even Dr. Maughan opined that plaintiff could lift or carry 20 pounds occasionally, and he specifically noted that plaintiff could only sit "up to" two hours. Tr. 535. That opinion is inconsistent with sedentary work. Likewise, Drs. Backlund, Eder, and Kehrli all opined that plaintiff could lift or carry 20 pounds occasionally and could stand or walk for more than two hours. Tr. 73, 87, 100. The record does not support a finding that plaintiff is limited to sedentary work, and therefore does not direct a finding of disability under grid Rule 201.17 as plaintiff contends.

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, the Court AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

DATED this 9th day of January, 2023.

                                                              ANDREW HALLMAN
                                                              United States Magistrate Judge